PAUL FISHMAN
United States Attorney
District of New Jersey
PATRICIA H. DELZOTTI
Special Assistant U.S. Attorney
PD1005
One Newark Center, Suite 1500
Newark, New Jersey 07102-5224
(973) 645-6582

Attorney for the United States of America

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : |
| Kenneth W. Kotacska | : |
| | : Hearing: November 17, 2009 |
| | : Hearing Time: 09:30 a.m. |
| | : Case No. 09-33230 (RTL) |
| | : Honorable Raymond T. Lyons, Jr. |
| Debtor. | : |
| | : Oral Argument Waived |

RESPONSE TO MOTION TO VOID LIENS AND RECLASSIFY
CLAIM FROM SECURED TO COMPLETELY UNSECURED
ON BEHALF OF THE UNITED STATES OF AMERICA, IRS

The United States of America, Internal Revenue Service (hereinafter, "Service"), by and through its attorney, Paul Fishman, United States Attorney for the District of New Jersey, responds to the Debtor's Notice of Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured as follows:

1) On September 2, 2009, the debtor filed a bankruptcy petition seeking relief under Chapter 13 of the Bankruptcy Code.

2) On September 24, 2009, the Service filed a proof of claim in the total amount of $60,534.02, asserting secured claims, unsecured priority, and unsecured general claims in the amounts of $47,136.84, $1,631.67, and $11,765.51, respectively.

3) The Service's secured claim for $47,136.84 was secured via the filing of Notices of Federal Tax Lien on March 10, 2004 and September 21, 2005 in Middlesex County. With respect to the portion of the Service's claim representing the secured claim, the Plan is objectionable because it fails to provide for the proper treatment of the Service's secured claim as required by 11 U.S.C. § 1325(a)(5). In re Barnes, 32 F.3d 405 (9th Cir. 1994).

4) A secured creditor retains its lien until the earlier of payment of the debt under non-bankruptcy law, or discharge. § 1325(a)(5)(B)(i).

5) A Notice of Federal Tax Lien filed against a person applies to all property and rights to property, whether real or personal, belonging to such person. I.R.C. § 6321.

6) When considering the real estate listed in Schedule A and personal property listed in Schedule B, the Service is over-secured.

7) Debtor does not set forth any basis for reclassifying the secured interest nor why the Service's interest is not fully secured.

WHEREFORE: for the foregoing reasons, the Service respectfully requests that the Court deny the Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.

                        PAUL FISHMAN
                        United States Attorney

By:   /s/Patricia H. Delzotti
      PATRICIA H. DELZOTTI
      Special Assistant
      U.S. Attorney